# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEE GURNSEY, ) | 1:07-cv-01462-AWI-TAG HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATIONS |
| ) | TO DISMISS AMENDED PETITION |
| v. ) | AS UNTIMELY  (Doc. 1) |
| ) | |
| ) | ORDER TO FILE OBJECTIONS WITHIN |
| STATE OF CALIFORNIA, et al., ) | TWENTY DAYS |
| ) | |
| Respondent. ) | |
| ) | |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original federal petition for writ of habeas corpus was filed on September 26, 2007. (Doc. 1). Petitioner filed an amended petition on November 14, 2007. (Doc. 10). The Court has conducted a preliminary review of the petition and has determined that it is untimely and therefore should be dismissed.

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

    B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 3250327, 117 S.Ct. 2059 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997), <u>overruled on other grounds by</u> <u>Lindh v. Murphy</u>, 521 U.S. 320 (holding that the AEDPA only applicable to cases filed after statute's enactment).  The petition in this case was filed on September 26, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, judgment was rendered on February 26, 1996, and Petitioner did not file

an appeal.[1]  Pursuant to Rule 31(a) of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal.  Rule 31(a), Cal.R.Ct.; People v. Mendez, 19 Cal.4th 1084, 1086, (1999).  Because Petitioner did not file a notice of appeal, his direct review concluded on April 26, 1996, when the sixty-day period for filing a notice of appeal expired.

The AEDPA is silent on how the one-year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA.   The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled on other grounds by  Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), abrogated on other grounds by Woodford v. Garceau , 538 U.S. 202, 123 S.Ct. 1398 (2003).  In such circumstances, the limitations period would begin to run on April 25, 1996. Patterson v. Stewart, 251 F.3d 1243, 1245-1246 (9th Cir. 2001).

Since Petitioner's direct review concluded *after* the AEDPA was enacted, Petitioner had one year from April 26, 1996, or until April 26, 1997, within which to file his federal petition.  As mentioned, the instant petition was filed on September 26, 2007, over ten years after the one-year limitations period expired.  Thus, unless Petitioner is entitled to statutory or equitable tolling, the petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

---

[1] Although Petitioner alleges that he did file an appeal, he provides no dates nor any documentation supporting such a contention.  The Court has conducted an independent inquiry by accessing the California court system's electronic database and has not found any reference to an appeal from Petitioner's 1996 conviction.

3

challenge."[2]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 S.Ct. 1104 (2000); see also Taylor v. Lee, 186 F.3d 557, 560-561 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  However, the limitations period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); Fail v. Hubbard,272 F.3d 1133, 1134 (9th Cir. 2001).

Here, Petitioner contends that he filed a state habeas petition in the California Supreme Court on June 8, 2006.  (Doc. 1, p. 3).  The Court has confirmed this fact through accessing the state courts' database.  That search indicates that the habeas petition was denied on June 21, 2006.  Thus, normally,  Petitioner would be entitled to thirteen days of statutory tolling under the AEDPA, assuming, without deciding, that Petitioner's state petition was "properly filed."  Petitioner indicates that he also filed a state petition in the California Court of Appeal, Third Appellate District ("3d DCA"), however, a search of the courts' database reveals no such petition.

As mentioned, the limitations period expired on April 26, 1997, many years before Petitioner filed his state petition in the California Supreme Court.  Where the limitations period has expired before a petitioner seeks collateral relief in the state court, he is not entitled to tolling under the AEDPA.  Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run prior to filing state habeas proceedings); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).   Here, Petitioner would not be entitled to the thirteen days of statutory tolling

---

[2]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2. Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

referred to above because the limitations period had already expired when he filed that petition.

Petitioner apparently did file an appeal of a July 5, 2006 conviction in the Superior Court for the County of Butte for driving under the influence resulting in injuries. That appeal was dismissed by the 3d DCA on July 17, 2007. The Petition for Review filed in that appeal was denied on October 10, 2007. However, as mentioned, there is no indication that Petitioner filed any state habeas petitions related to the 1996 conviction in any state court other than the June 2006 petition referred to previously. Thus, it appears that the instant petition was filed over ten years *after* the expiration of the one-year limitations period.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006)(citing Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d at 1283). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(citations omitted). A habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner makes no allegation of entitlement to equitable tolling and the Court is unaware of any circumstances that would justify such tolling.

### RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 23, 2008**               /s/ Theresa A. Goldner
                                         UNITED STATES MAGISTRATE JUDGE