IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LEE GURNSEY,<br><br>          Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.<br><br>          Respondent. | 1: 07 -CV-1462 AWI TAG HC<br><br>**ORDER DENYING MOTION TO SET ASIDE JUDGMENT**<br><br>**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**<br><br>**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**<br><br>**ORDER GRANTING MOTIONS TO CONFIRM IFP STATUS AND TRANSFER RECORD**<br><br>[Documents #24, #26, #27, #29, & #30] |

**BACKGROUND**

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 17, 2008, the court adopted the Magistrate Judge's Findings and Recommendations and dismissed the petition for Petitioner's failure to file this action within the one year statute of limitations found in 28 U.S.C. § 2254(d). On March 24, 2008, Petitioner filed an application for injunctive relief prohibiting respondent from taking adverse action against Petitioner. On April 4, 2008, Petitioner filed a notice of appeal and a motion for a certificate of appealability. On April 7, 2008, Petitioner filed a motion to set aside the court's judgment in this action. On March 18, 2008, Petitioner filed a motion for verification of in forma pauperis status and a motion for the court to send the records in this action to the Ninth Circuit.

**DISCUSSION**

**A. Motion to Set Aside Judgment**

Petitioner has filed a motion to set aside the judgment in this action. In this motion, Petitioner contends that he has been denied due process in this action because the court dismissed the action for Petitioner's failure to file within the statute of limitations. Petitioner argues that his claims concerning his conviction have merit. Petitioner claims that he is actually innocent of the crime he was convicted of.

Pursuant to Rule 59(e), any motion to alter judgment shall be filed no later than ten days after entry of judgment. Rule 59(e), however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000). Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). This showing is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).

There is a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The petition in this action concerns a 1996 conviction. Petitioner clearly filed his habeas corpus petition at least nine years too late. While the limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time, see Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), Petitioner offered no argument or evidence for equitable tolling. The motion to set aside judgment also offers no evidence of equitable tolling. While Petitioner has attached letters written on his behalf in 2006, these letters do not provide a basis for equitable tolling or any other way for the court to review the petition despite the statute

of limitations violations.   Petitioner has simply not met the standard for the court to vacate the judgment.

Petitioner contends that even if the current federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d), dismissal is not appropriate because Petitioner is actually innocent. Neither the Supreme Court nor the Ninth Circuit have decided whether actual innocense in an exception to Section 2244(d)'s statute of limitations.  However, in Majoy v. Roe, 296 F.3d 770 (9th Cir.2002), the Ninth Circuit remanded an untimely federal petition to the district court for the court to determine if the petitioner met the possible actual innocence gateway for an untimely petition. Id. at 776-77 & n.3. Under the actual innocence gateway of Schlup v. Delo, 513 U.S. 298 (1995), a petitioner's procedurally barred claim may be considered on the merits if his claim of actual innocence is sufficient to implicate a fundamental miscarriage of justice.   Majoy, 296 F.3d at 775-76; Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir.1997) (en banc).   The petitioner must present evidence to show that in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have convicted him.  Schlup, 513 U.S. at 327; Majoy, 296 F.3d at 776;  Sistrunk v. Aremenakis, 292 F.3d 669, 673, 677 (9th Cir.2002). "A petitioner need not show that he is 'actually innocent' of the crime he was convicted of committing; instead, he must show that 'a court cannot have confidence in the outcome of the trial.'"  Majoy, 296 F.3d at 776 (quoting Schlup, 513 U.S. at 316 and Carriger, 132 F.3d at 478). The Ninth Circuit has explained that claiming one should be allowed to pass through the Schlup gateway is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Majoy, 296 F.3d at 778 n.1 (quoting Schlup, 513 U.S. at 315).   In Schlup, the Supreme Court cautioned that to be credible, a claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup, 513 U.S. at 324;  Majoy, 296 F.3d at 776.    Here, Petitioner has presented no evidence of his innocense.   Merely asserting that he is innocent is insufficient.

Thus, the possible exception to the statue of limitations for actual innocense is not available to Petitioner.

On a final note, the court has reviewed the exhibits attached to Petitioner's motion to vacate judgment.   These exhibits are copies of briefs filed in the California Court of Appeal concerning a June 7, 2006 no contest plea to driving under the influence in the Superior Court of Butte County.   The petition in this action concerns a February 26, 1996 conviction for assault with intent to commit rape, rape, lewd or lascivious acts against a child under 14, and forceable penetration in the Superior Court of Stanislaus County.   If Petitioner wishes to file a habeas corpus petition concerning the driving under the influence conviction in the Superior Court of Butte County, Petitioner must file a new petition in the Sacramento Division of this Court.   The current petition concerns the February 26, 1996 petition and it is barred by the statute of limitations.[1]

**B.  Motion for Injunctive Relief**

Petitioner seeks injunctive relief to prohibit prison officials from taking adverse action against Petitioner that will adversely affect Petitioner's ability to prosecute.    Plaintiff relies on Rule 23(a) of the Federal Rules of Civil Procedure.  Rule 23(a) provides:

> (a) Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

---

[1] It also appears that Petitioner is no longer in custody to challenge the 1996 conviction. A petitioner must be "in custody" under the conviction or sentence the petition attacks when the petitioner files the petition. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Allen v. State of Oregon, 153 F.3d 1046, 1048 (9th Cir. 1998). A habeas petitioner is not "in custody" under a conviction after the sentence imposed for it has fully expired, even though it may possibly be used to enhance a subsequent sentence. Maleng, 490 U.S. at 492; Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir.1990).   In this action, it appears Petitioner is no longer in custody for the 1996 conviction.   It appears Petitioner is challenging the 1996 conviction because it was used to enhance his sentence for the 2006 conviction.   This enhancement does not make Petitioner in custody to challenge the 1996 conviction.

4

| | |
|---|---|
| 1 | The purpose of Rule 23(a) is to prevent prison officials from impeding a prisoner's attempt to |
| 2 | obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of |
| 3 | the court in which a habeas petition is pending.  Strachan v. Army Clemency and Parole Bd., |
| 4 | 151 F.3d 1308, 1313 (10th Cir. 1998); Moorish Science Temple of America, Inc. v. Smith, 693 |
| 5 | F.2d 987, 989 n.2 (2nd Cir. 1982); Goodman v. Keohane, 663 F.2d 1044, 1047 (11th Cir. 1981). |

The court cannot issue an injunction pursuant to Rule 23(a) to prevent Petitioner's possible transfer. The plain language of Rule 23(a) makes clear that this rule applies only when a case is "[p]ending review of a decision in a habeas corpus proceeding." Rule 23(a) "applies only when a habeas action is before the court of appeals on review of a district court's decision." Fowler v. Miller-Stout, 2008 WL 60015, 2 (W.D.Wash. 2008); Lemoine v. Daniels, 2007 WL 433197, 1 (D.Or.,2007); Overstreet v. Yates, 2005 WL 1984472, 1 (E.D.Cal. 2005). While judgment has been entered in this action, Petitioner's appeal is not yet pending. Thus, Rule 23(a) simply does not apply. See Fowler, 2008 WL 60015 at 2.

In addition, Petitioner appears to misunderstand the requirements for Rule 23(a). Rule 23(a) requires prison officials to request permission from the Ninth Circuit before the transfer an inmate with a pending habeas corpus appeal. The Ninth Circuit has found that if it did not issue an order allowing for transfer and the transfer still occurs, in violation of Rule 23(a), the Ninth Circuit retains jurisdiction over the appeal. Shabazz v. Carroll, 814 F.2d 1321, 1324 (9th Cir. 1987). In this case not only has Petitioner not been transferred, he offers no evidence that he is about to be transferred. Petitioner does not meet the standard for injunctive relief because Petitioner has not shown it is likely Rule 23(a) will be violated and that he will be irreparably injured if Rule 23(a) is violated because the Ninth Circuit will not loose jurisdiction if Petitioner is transferred in violation of Rule 23(a). Thus, the motion for injunctive relief will be denied.

**C. Motion for Certificate of Appealability**

Petitioner has filed a motion for a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his

5

petition, and an appeal is only allowed in certain circumstances.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).   Before Petitioner can appeal this's court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).  The controlling statute for issuing a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).

In the present case, the court finds that reasonable jurists would not disagree with the court's finding that Petitioner filed this petition outside of 28 U.S.C. § 2244(d)'s one year statute of limitations.  The petition was filed many years after the limitation period ran, and Petitioner has failed to provide this court with any exception to the statute of limitations.   The court finds that standard set forth in 28 U.S.C. § 2253 have not met.   Thus, the court declines to issue a certificate of appealability.

6

**D.   Verification of In Forma Pauperis Status**

Petitioner requests that the court send verification to the Ninth Circuit that he has been granted in forma pauperis status.  A party who was permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies the appeal is not taken in good faith.  See Fed. R. App. Pro. 24(a)(3).  In this case, the court granted Petitioner permission to proceed in this court in forma pauperis.  Thus, he is entitled to in forma pauperis status on appeal.  The docket reflects that Petitioner was granted in forma pauperis status in this court, and to the extent it is necessary, this court confirms that Petitioner was in forma pauperis in this court.   While the court declines to issue a certificate of appealability, the standard for finding an appeal is not taken in good faith is different.   The court cannot say any appeal in this action is not taken in good faith.   Thus, Plaintiff is entitled to proceed in forma pauperis on appeal.

**E.   Request for Records to be Sent to Ninth Circuit**

Petitioner asks that the court forward the record to the Ninth Circuit.   Petitioner is informed that the Clerk of the Court forwards records pursuant to Rule 11 of the Federal Rules of Appellate Procedure.   United States Court of Appeal Ninth Circuit Rule 22-1(b) states that: "If the district court denies in full in a § 2254 proceeding, the district court clerk shall forward the entire record to the court of appeals."   Federal Rule of Appellate Procedure 22(b)(1) similarly provides that "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings."   Pursuant to the these Rules, along with related Rules and Statutes, the record in this action will be forwarded as required by law.   Thus, Petitioner's motion is granted.

//

**ORDER**

Accordingly, the court ORDERS that:

1. Petitioner's motion to set aside judgment is DENIED;
2. Petitioner's motion for injunctive relief is DENIED;
3. Petitioner's motion for a certificate of appealability is DENIED and no certificate of appealability SHALL BE ISSUED;
4. Petitioner's motion for verification of in forma pauperis status is GRANTED because Petitioner proceeded in this court in forma pauperis; and
5. Petitioner's motion for the court to send the records in this action to the Ninth Circuit is GRANTED because the Clerk of the Court will send Petitioner's records to the Ninth Circuit as required by law.

IT IS SO ORDERED.

Dated:   **April 30, 2008**              /s/ Anthony W. Ishii
                                         UNITED STATES DISTRICT JUDGE